# DOCKET SHEET
## CASE NO. DC-17-17363

| | | |
|---|---|---|
| **GLORIA MACHADO, et al**<br>**vs.**<br>**XPEDITE LOGISTICS, LLC, et al** | §<br>§<br>§<br>§ | Location: **14th District Court**<br>Judicial Officer: MOYE', ERIC<br>Filed on: **12/19/2017** |

---

### CASE INFORMATION

**Statistical Closures**
02/02/2018    ALL OTHER DISPOSITIONS

Case Type: **MOTOR VEHICLE ACCIDENT**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | DC-17-17363 |
| Court | 14th District Court |
| Date Assigned | 12/19/2017 |
| Judicial Officer | MOYE', ERIC |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **AMAYA, MANLIO**<br>INDIVIDUALLY, AS PERSOMAL REPRESENTATIVE OF THE<br>ESTATE OF IVAN A. AMAYA, DECEASED | **HORNUNG, PAUL ROBERT**<br>*Retained*<br>214-941-8300(W)<br>dallasoffice@dgley.com |
| | **MACHADO, ANTHONY T.** | **HORNUNG, PAUL ROBERT**<br>*Retained*<br>214-941-8300(W)<br>dallasoffice@dgley.com |
| | **MACHADO, GLORIA**<br>AS NEXT OF FRIENDS OF ANTHONY MACHADO | **HORNUNG, PAUL ROBERT**<br>*Retained*<br>214-941-8300(W)<br>dallasoffice@dgley.com |
| **DEFENDANT** | **BEASLEY, RONALD ANTHONY**<br>*747 N. MOCASSIN STREET*<br>*SAPULA, OK 74055* | |
| | **CRETE CARRIER CORPORATION**<br>*DOING BUSINESS AS* SHAFFER TRUCKING<br>*1999 BRYAN STREET*<br>*SUITE 900*<br>*DALLAS, TX 75201* | **MAYFIELD, JORDAN**<br>*Retained*<br>254-755-4100(W)<br>mayfield@namanhowell.com |
| | **ELY, JAMES, Jr.**<br>*5656 BUELL STREET*<br>*TALBOTT, TN 37877* | **Pro Se** |
| | **XPEDITE LOGISTICS, LLC**<br>*321 NOLAN STREET*<br>*SAN ANTONIO, TX 78202* | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | Payment Receipt # 82094-2017-DCLK    PLAINTIFF  MACHADO, GLORIA | (332.00) |

| | | | | |
|---|---|---|---|---|
| | Charge | ISSUE CIT-SOS, COI, COH, HAGUE | PLAINTIFF  MACHADO, GLORIA | 332.00 |

| | |
|---|---|
| 12/19/2017 | NEW CASE FILED (OCA) - CIVIL |
| 12/19/2017 | ORIGINAL PETITION |
| 12/19/2017 | ISSUE CITATION<br>*ESERVE* |
| 12/19/2017 | ISSUE CITATION COMM OF INS OR SOS<br>*ESERVE* |
| 12/22/2017 | **CITATION SOS/COI/COH/HAG**<br>BEASLEY, RONALD ANTHONY<br>Unserved<br>*ESERVE S.M.* |
| 12/22/2017 | **CITATION SOS/COI/COH/HAG**<br>ELY, JAMES, Jr.<br>Unserved<br>*ESERVE S.M.* |
| 12/22/2017 | **CITATION**<br>XPEDITE LOGISTICS, LLC<br>Unserved<br>*ESERVE S.M.* |
| 12/22/2017 | **CITATION**<br>CRETE CARRIER CORPORATION<br>Served: 01/11/2018<br>*ESERVE S.M.* |
| 12/22/2017 | CITATION ISSUED |
| 01/12/2018 | RETURN OF SERVICE<br>*CRETE CARRIER CORPORATION* |
| 01/18/2018 | NOTICE OF DISMISSAL FOR WANT OF PROSECUTION<br>*MAILED* |
| 02/02/2018 | NOTICE OF REMOVAL TO FEDERAL COURT<br>*DEFT* |
| 02/02/2018 | **ALL OTHER DISPOSITIONS** (Judicial Officer: MOYE', ERIC) | *Vol./Book 000 ,*<br>*Page 00, 11 pages* |
| 02/23/2018 | *CANCELED* **DISMISSAL FOR WANT OF PROSECUTION** (11:00 AM) (Judicial Officer: MOYE', ERIC)<br>*CASE CLOSED* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**PLAINTIFF** MACHADO, GLORIA
Total Charges                                                                                    332.00
Total Payments and Credits                                                              332.00
**Balance Due as of  2/8/2018**                                                        **0.00**

**FELICIA PITRE, DISTRICT CLERK**

# DOCKET SHEET

## CASE NO. DC-17-17363

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 8th day of Feb. A.D. 2018

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Benny John Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:  XPEDITE LOGISTICS, LLC**
**BY SERVING ITS REGISTERED AGENT, LUCY D. SHAW**
**321 NOLAN STREET**
**SAN ANTONIO, TEXAS 78202**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GLORIA MACHADO, ET AL**

Filed in said Court **19th day of December, 2017** against

**XPEDITE LOGISTICS, LLC, ET AL**

For Suit, said suit being numbered **DC-17-17363,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of December, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Springe McKinley_____, Deputy
SPRINGE MCKINLEY



---

**ESERVE**

**CITATION**

**DC-17-17363**

**GLORIA MACHADO, et al**
**vs.**
**XPEDITE LOGISTICS, LLC, et al**

**ISSUED THIS**
**22nd day of December, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

---

**Attorney for Plaintiff**
GARCIA A. DOMINGO
dallasoffice@dgley.com
400 S. ZANG BLVD.
DALLAS, TEXAS 75208
214-941-8300

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-17363

Court No.14th District Court

Style: GLORIA MACHADO, et al

vs.

XPEDITE LOGISTICS, LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 8th day of Feb. A.D., 2018

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Beany John _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING**
      **BY SERVING ITS REGISTERED AGENTS, NATIONAL REGISTERED AGENTS, INC.**
      **1999 BRYAN STREET, SUITE 900**
      **DALLAS, TEXAS**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GLORIA MACHADO, ET AL**

Filed in said Court  **19th day of December, 2017** against

**XPEDITE LOGISTICS, LLC, ET AL**

For Suit, said suit being numbered <u>**DC-17-17363,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of December, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas
                             /s/ Springe McKinley
          By_____, Deputy
                    SPRINGE MCKINLEY

---

<u>**ESERVE**</u>

**CITATION**

**DC-17-17363**

**GLORIA MACHADO, et al**
vs.
**XPEDITE LOGISTICS, LLC, et al**

ISSUED THIS
**22nd day of December, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
GARCIA A. DOMINGO
dallasoffice@dgley.com
400 S. ZANG BLVD.
DALLAS, TEXAS 75208
214-941-8300



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-17-17363

Court No.14th District Court

Style: GLORIA MACHADO, et al

 vs.

XPEDITE LOGISTICS, LLC, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____ _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 8th day of Feb , A.D., 2018

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FORM NO. 353-4—CITATION
~~THE STATE OF TEXAS~~

To:   **RONALD ANTHONY BEASLEY**
      **BY SERVING THE CHAIRMAN OF STATE HIGHWAY AND**
      **PUBLIC TRANSPORTATION COMMISSION**
      **1225 E. 11TH STREET**
      **AUSTIN, TX, 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and **XPEDITE LOGISTICS, LLC; CRETE CARRIER CORPORATION; RONALD**
**ANTHONY BEASLEY; JAMES ELY, Jr.** petition, a default judgment may be taken against you.
 Your answer should be addressed to the clerk of the **14th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GLORIA MACHADO, ET AL**

Filed in said Court 19th day of December, 2017 against
**XPEDITE LOGISTICS, LLC, ET AL**

 For suit, said suit being numbered   **DC-17-17363**  the nature of which demand is as follows:
 Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition         , a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.
WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 22nd day of December, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By_____ /s/ Springe McKinley _____, Deputy
                  **SPRINGE MCKINLEY**



**CITATION**

No.: **DC-17-17363**

GLORIA MACHADO, et al
vs.
XPEDITE LOGISTICS, LLC, et al
XPEDITE LOGISTICS, LLC; CRETE
CARRIER CORPORATION; RONALD
ANTHONY BEASLEY; JAMES ELY, Jr.

ISSUED
**ON THIS THE 22ND DAY OF**
**DECEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY**, Deputy

Attorney for : Plaintiff
 DOMINGO A. GARCIA
 dallasoffice@dgley.co
 400 S. ZANG BLVD.
 6TH FLOOR SUITE 600
 DALLAS, TEXAS 75208
 **214-941-8300**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-17363
Court No: 14th District Court
Style: GLORIA MACHADO, et al
vs.
XPEDITE LOGISTICS, LLC, et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of_____, 20_____ at_____ o'clock ___.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:    To certify which witness by my hand.

For Serving Citation     $_____     Sheriff_____
For Mileage                  $_____     County of_____
For Notary                   $_____     State of_____
          Total Fees       $_____     By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
          Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                                                                          State & County of

_____

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _8th_ day of _Feb._, A.D., _2018_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _Benny Joe_ _____ Deputy

**FORM NO. 353-4—CITATION**

~~THE STATE OF TEXAS~~

To:     **JAMES ELY JR.**
        **BY SERVING THE CHAIRMAN OF STATE HIGHWAY AND**
        **PUBLIC TRANSPORTATION COMMISSION**
        **1225 E. 11ᵀᴴ STREET**
        **AUSTIN, TX, 78701**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **XPEDITE LOGISTICS, LLC; CRETE CARRIER CORPORATION; RONALD ANTHONY BEASLEY; JAMES ELY, Jr.** petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **14th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GLORIA MACHADO, ET AL**

Filed in said Court 19th day of December, 2017 against
**XPEDITE LOGISTICS, LLC, ET AL**

For suit, said suit being numbered  **DC-17-17363**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.

as shown on said petition        , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 22nd day of December, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                              /s/ Springe McKinley

By_____, Deputy
                        **SPRINGE MCKINLEY**



---

**ESERVE_COI**

**CITATION**

| No.: DC-17-17363 |

GLORIA MACHADO, et al
vs.
XPEDITE LOGISTICS, LLC, et al
XPEDITE LOGISTICS, LLC; CRETE
CARRIER CORPORATION; RONALD
ANTHONY BEASLEY; JAMES ELY, Jr.

---

ISSUED
**ON THIS THE 22ND DAY OF**
**DECEMBER, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SPRINGE MCKINLEY**, Deputy

---

Attorney for : Plaintiff
DOMINGO A. GARCIA
dallasoffice@dgley.co
400 S. ZANG BLVD.
6ᵀᴴ FLOOR SUITE 600
DALLAS, TEXAS 75208
214-941-8300

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-17363
Court No: 14th District Court
Style: GLORIA MACHADO, et al
vs.
XPEDITE LOGISTICS, LLC, et al

     Received this Citation the _____day of_____, 20_____at_____o'clock. Executed at _____, within the County of _____, State of_____, on the _____day of_____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ____.M. Executed at _____, within the County of _____, State of_____, on the _____day of_____, 20_____, at _____o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
    a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
|    Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
   Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

_____

             Seal                                        State & County of

_____

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 8th day of Feb. A.D., 2018

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
1/12/2018 4:49 PM
FELICIA PITRE
DISTRICT CLERK

Nikita Mosley

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

IN THE 14TH DISTRICT COURT OF DALLAS COUNTY, TEXAS

**GLORIA MACHADO, AS NEXT FRIEND OF ANTHONY T. MACHADO; ET AL.**

             Plaintiff/Petitioner

vs.

**XPEDITE LOGISTICS, LLC; ET AL.**

             Defendant/Respondent

Hearing Date:

CASE NO:
**DC-17-17363**

DECLARATION OF SERVICE OF:
**CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND EMERGENCY INSPECTION**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

Documents came to hand on the 10th day of January, 2018 at 4:49 PM.

On the **11th day of January, 2018 at 9:39 AM**, at the address of **1999 BRYAN STREET SUITE 900, DALLAS, Dallas County, TX 75201, United States**; this declarant served **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND EMERGENCY INSPECTION** upon **CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING c/o NATIONAL REGISTERED AGENTS, INC., REGISTERED AGENT** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING c/o NATIONAL REGISTERED AGENTS, INC., REGISTERED AGENT, Who accepted service, with identity confirmed by physical description, a black female approx. 25-35 years of age with black hair.Antionette Williams authorized agent for C T Corporation**.

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Service Fee Total: **$100.00**

My name is **Keith Dickerson**, my date of birth is **10/7/1955**, and my address is **9660 Audelia Rd #123-46, Dallas, TX 75238**.

I declare under the penalty of perjury that the forgoing is true and correct.

Executed in ____Dallas_____ County, State of **Texas**, on the day of _____1/11/18_____ .

**Keith Dickerson, Reg. #PSC000004708, EXP 2/28/2020, TX**

FOR: **Garcia, Domingo**
REF: **IVAN A. AMAYA**

ORIGINAL PROOF OF SERVICE

Tracking #: **0021161451**



Storage #: 0021135147

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To: **CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING**
**BY SERVING ITS REGISTERED AGENTS, NATIONAL REGISTERED AGENTS, INC.**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GLORIA MACHADO, ET AL**

Filed in said Court  **19th day of December, 2017** against

**XPEDITE LOGISTICS, LLC, ET AL**

For Suit, said suit being numbered **DC-17-17363,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 22nd day of December, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas
/s/ Springe McKinley
By_____, Deputy
SPRINGE MCKINLEY



| | |
|---|---|
| **ESERVE** | |
| **CITATION** | |
| **DC-17-17363** | |
| **GLORIA MACHADO, et al** | |
| **vs.** | |
| **XPEDITE LOGISTICS, LLC, et al** | |

ISSUED THIS
**22nd day of December, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy
_____

**Attorney for Plaintiff**
GARCIA A. DOMINGO
dallasoffice@dgley.com
400 S. ZANG BLVD.
DALLAS, TEXAS 75208
214-941-8300

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-17363

Court No.14th District Court

Style: GLORIA MACHADO, et al

vs.

XPEDITE LOGISTICS, LLC, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I, FELICIA PITRE,** Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this **instrument**
to be a true and correct copy of the original as appears on
record in my office.

**GIVEN UNDER** MY HAND AND SEAL of said Court, at **office**
**in Dallas, Texas, this** 8th day of Feb , A.D., 2018

**FELICIA PITRE, DISTRICT CLERK**
**DALLAS COUNTY, TEXAS**
**By** Beanry Jatis **Deputy**



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

January 18, 2018

PAUL ROBERT HORNUNG
400 S ZANG BLVD STE 600
DALLAS TX  75208

DC-17-17363
GLORIA MACHADO, et al  vs.  XPEDITE LOGISTICS, LLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**February 23, 2018** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I, FELICIA PITRE**, Clerk of the District of Dallas County,
**Texas,** do hereby certify that I have compared this instrument
**to be** a true and correct copy of the original as appears on
**record** in my office.

**GIVEN UNDER MY HAND AND SEAL** of said Court, at office
**in Dallas, Texas, this** ___8th___ day of ___Feb___, A.D., ___2018___

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

January 18, 2018

FILE COPY

DC-17-17363
GLORIA MACHADO, et al  vs.  XPEDITE LOGISTICS, LLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**February 23, 2018** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 PAUL ROBERT HORNUNG
 400 S ZANG BLVD STE 600
 DALLAS TX 75208

STATE OF TEXAS }
COUNTY OF DALLAS }

I, **FELICIA** PIT E, Clerk of the District of Dallas County,
**Texas, do** hereby certify that I have compared this **instrument**
**to be a true** and correct copy of the original as appears **on**
**record** in my office.

**GIVEN** UNDER MY HAND AND SEAL of said Court, at office
**In Dallas, Texas, this**  8th  day of  Feb  , A.D., 2018

FELICIA PITTE, DISTRICT CLERK
DALLAS COUNTY,

By _Beany John_  Deputy



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

January 18, 2018

FILE COPY

DC-17-17363
GLORIA MACHADO, et al  vs.  XPEDITE LOGISTICS, LLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**February 23, 2018** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 PAUL ROBERT HORNUNG
 400 S ZANG BLVD STE 600
 DALLAS TX 75208

**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I, FELICIA PITRE**, Clerk of the District of Dallas County,
**Texas, do hereby** certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

**GIVEN UNDER MY HAND AND SEAL** of said Court, at office
in Dallas, Texas, this ___8th___ day of ___Feb.___, A.D., ___2018___

**FELICIA PITRE, DISTRICT CLERK**
**DALLAS COUNTY, TEXAS**
By _____ Deputy

FILED
DALLAS COUNTY
2/2/2018 6:53 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-17363

| | | |
|---|---|---|
| **GLORIA MACHADO, AS NEXT FRIEND** | § | **IN THE DISTRICT COURT OF** |
| **OF ANTHONY T. MACHADO and** | § | |
| **MANLIO AMAYA, INDIVIDUALLY, AS** | § | |
| **PERSONAL REPRESENTATIVE OF THE** | § | |
| **ESTATE OF IVAN A. AMAYA,** | § | |
| **DECEASED,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **VS.** | § | |
| | § | |
| **XPEDITE LOGISTICS, LLC,** | § | |
| **CRETE CARRIER CORPORATION** | § | |
| **D/B/A SHAFFER TRUCKING,** | § | |
| **RONALD ANTHONY BEASLEY, and** | § | |
| **JAMES ELY, JR.** | § | |
| | § | |
| *Defendants.* | § | **14th JUDICIAL DISTRICT** |

## DEFENDANT'S NOTICE OF FILING NOTICE TO REMOVE CASE
## TO UNITED STATES DISTRICT COURT

TO THE HONORABLE COURT:

Notice is hereby given that Defendant Crete Carrier Corporation filed in the United States

District Court for the Northern District of Texas, Dallas Division, its Notice of Removal of the

above-styled and numbered cause. A copy of the Notice of Removal is attached hereto as Exhibit

"A."

NAMAN, HOWELL, SMITH & LEE, PLLC

400 Austin Avenue, 8th Floor
P. O. Box 1470
Waco, Texas 76703-1470
254.755.4100 / Facsimile 254.754.6331

BY: _____
JORDAN A. MAYFIELD
State Bar No. 24037051
mayfield@namanhowell.com
ROBERT LITTLE
State Bar No. 24050940
little@namanhowell.com
(254) 755-4100
FAX: (254) 754-6331

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing has been served on counsel of record, on the 2nd day of February, 2018, as follows:

Domingo A. Garcia
Law Offices of Domingo Garcia, P.C.
400 S. Zang Blvd., 6th Floor, Suite 600
Dallas, Texas 75208
dallasoffice@dgley.com
**Certified Mail, Return Receipt Requested**
**No. 7015 3010 0002 0198 5617**

Jordan A. Mayfield

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GLORIA MACHADO, AS NEXT FRIEND OF ANTHONY T. MACHADO and MANLIO AMAYA, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IVAN A. AMAYA, DECEASED** | § § § § § § § | |
| *Plaintiff,* | § § | |
| **V.** | § § | **CAUSE NO. 18-282** |
| **XPEDITE LOGISTICS, LLC, CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING, RONALD ANTHONY BEASLEY, and JAMES ELY, JR.** | § § § § § | |
| *Defendants* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Crete Carrier Corporation, Defendant herein, and files this Notice of Removal, removing this case to federal court under 28 U.S.C. §§ 1332, 1441 and 1446, and in support there of, would show as follows:

### A. Introduction

1.      This lawsuit arises out of an alleged motor vehicle accident. The accident is alleged to have occurred in Denton, Denton County, Texas. (Plaintiff's Original Petition, p. 4, ¶13.)

2.      Plaintiffs are citizens of the State of Texas.

3.      Plaintiffs have named two trucking companies, including Crete Carrier as Defendants. Neither is a Texas citizens. Plaintiffs have also named two drivers as Defendants. Neither is a Texas citizen.

4.      Plaintiffs' pleadings state that they seek relief of $5,000,000.00 in this case. (Plaintiff's Original Petition, p. 18, ¶51.A.)

5.      Thus, there is diversity of citizenship among the parties and Defendant Crete Carrier, as the only Defendant to have been named and served, removes this case to federal court under 28 U.S.C. §§ 1332, 1441 and 1446.

**B. Basis for Removal**

6.      Removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 and this removal is filed within 30 days after the service on Defendants.

7.      There is complete diversity of citizenship as follows:

(a)      Plaintiffs are Texas citizens. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

(b)      Defendant Crete Carrier Corporation is corporation organized and exiting under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska. Thus, it is a citizen of Nebraska and diverse from Plaintiffs. *See* 28 U.S.C. § 1332(a).

8.      Plaintiffs' pleadings state that they seek relief in an amount of $5,000,000. (Plaintiff's Original Petition, p. 18, ¶51.A.) *See S.W.S. Erectors Inc. v. Infax Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (removing defendant can rely on plaintiff's statement of amount in controversy); *see also* 28 U.S.C. § 1446(c).

9.    Defendant Crete Carrier's notice of removal is timely, as it is filed within 30 days of its being served with a pleading stating a removable case. *Alim v. KBR, Inc.*, No. 13-11094, 2014 U.S. App. LEXIS 10508, at *4 (5th Cir. 2014) (unpub.)  (30-day deadline for removal runs from the defendant's receipt of a pleading setting forth a removable claim).

10.    Defendant Crete Carrier Corporation is the only named defendant that has been served as of the date of this removal, making the consent of the other defendants to this removal unnecessary. *See* 28 U.S.C. § 1446(b)(2) (requiring consent of all defendants joined and served).

11.    Copies of all pleadings, process, orders, and other filings in the state-court suit will be submitted once received to support this notice as required by 28 U.S.C. §1446(a).

12.    Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending, the 14th Judicial District, is located in this district.

13.    Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

### C. Jury Demand

14.    Plaintiffs have demanded a jury trial, but it is not clear from the state court docket if Plaintiffs have paid the jury fee.

### D. Conclusion

15.    There is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Thus, there is diversity jurisdiction over this matter and removal is proper as set forth herein.

NAMAN, HOWELL, SMITH & LEE, PLLC

400 Austin Avenue, 8th Floor
P. O. Box 1470
Waco, Texas  76703-1470
254.755.4100 / Facsimile 254.754.6331

BY:  /s/Jordan A. Mayfield
      JORDAN A. MAYFIELD
      State Bar No. 24037051
      mayfield@namanhowell.com
      ROBERT LITTLE
      State Bar No. 24050940
      little@namanhowell.com


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing has been served on counsel of record, on the 2nd day of February, 2018, as follows:

Domingo A. Garcia
Law Offices of Domingo Garcia, P.C.
400 S. Zang Blvd., 6th Floor, Suite 600
Dallas, Texas 75208
dallasoffice@dgley.com
**Certified Mail, Return Receipt Requested**
**No. 7015 3010 0002 0198 5617**

              /s/Jordan A. Mayfield

JS 44 (Rev. 06/17) Case 3:18-cv-00282-L   Document 1-1   Filed 02/02/18   Page 1 of 1   PageID 5

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Gloria Machado, a/n/f of Anthony T. Machado and Manlio Amaya, Indiv., as Personal Representative of the Estate me Ivan A. Amaya, Deceased | Xpedite Logistics, LLC, Crete Carrier Corporation d/b/a Shaffer Trucking, Ronald Anthony Beasley, and James Ely, Jr. |

| **(b)** County of Residence of First Listed Plaintiff __Dallas County__ | County of Residence of First Listed Defendant __Dallas, County__ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Law Offices of Domingo Garcia, P.C. | Naman, Howell, Smith & Lee, PLLC |
| 400 S. Zang Blvd., 6th Floor, Suite 600, Dallas, Texas, 75208 | 400 Austin Ave., Suite 800, Waco, Texas 76701 |
| (214) 941-8300 | (254) 755-4100 |

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C Section 1441 and Section 1446

Brief description of cause:
Motor Vehicle Accident

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** 5,000,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions:)* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/02/2018 | |

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Supplemental Civil Cover Sheet
Page 1 of 2

## Supplemental Civil Cover Sheet for Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 14th Judicial District Court of Dallas County, Texas | DC-17-17363 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Gloria Machado, a/n/f of Anthony T. Machado and | Paul Hornung, No. 00795831, Domingo Garcia, P.C. |
   | Manlio Amaya, Ind. as Personal Rep of Estate of | 400 S. Zang Blvd., 6th Floor, Suite 600, Dallas, Tx 75208 |
   | Ivan A. Amaya, Deceased - DEFENDANTS | (214) 941-8300 |
   | Xpedite Logistics, LLC, Crete Carrier Corp, d/b/a | Jordan Mayfield, No. 24037051, NHSL, PLLC |
   | Shaffer Trucking, Ronald Beasley and James Ely - PLFS | 400 Austin Ave., Waco, Tx. 76701 (254) 755-4100 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?   [✔] Yes            [ ] No

   If "*Yes,*" by which party and on what date?

   Plaintiff _____        December 19, 2017 _____
   Party                                            Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

Was an Answer made in State Court?   ☐ Yes        ☑ No

    If "*Yes*," by which party and on what date?

| Party | Date |
|-------|------|
|       |      |

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|-------|--------------------------|
| Xpedite Logistics, LLC |  |
| Ronald Anthony Beasley |  |
| James Ely, Jr |  |
|  |  |
|  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|-------|--------|
|  |  |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|-------|----------|
| Plaintiff(s) | Negligence |

**STATE OF TEXAS**
**COUNTY OF DALLAS**

**I, FELICIA PIT**  , Clerk of the District of Dallas County,
**Texas, do he**    certify that I have compared this **Instrument**
**to be a true** and correct copy of the original as appears **on**
**record in my** office.

**GIVEN U**          SEAL of said Court, at **office**
**In Dallas, Texas, this** 8th      Feb        , A.D. 2018

**FELICIA**                       CLERK
**DALLAS COUNTY,**
By  Scary  Jules                        Deputy

FILED
DALLAS COUNTY
12/19/2017 5:08 PM
FELICIA PITRE
DISTRICT CLERK

Marcus Turner

2-CIT-ESERVE

2-CIT-SOS-ESERVE

CAUSE NO._____  DC-17-17363

| | | |
|---|---|---|
| **GLORIA MACHADO, AS NEXT FRIEND OF ANTHONY T. MACHADO, and MANLIO AMAYA, INDIVIDUALLY,  AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IVAN A. AMAYA, DECEASED,** Plaintiffs, | § | **IN THE DISTRICT COURT** |
| **vs.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **XPEDITE LOGISTICS, LLC, CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING, RONALD ANTHONY BEASLEY, AND JAMES ELY, JR.** Defendants. | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE AND EMERGENCY INSPECTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs **GLORIA MACHADO, AS NEXT FRIEND OF ANTHONY T. MACHADO and MANLIO AMAYA, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF IVAN A. AMAYA, DECEASED** ("Plaintiffs" herein), , and who, as lawful heirs of decedents and as statuary beneficiaries under TEX. CIV. PRAC. & REM. CODE ANN. § 71.004, bring this wrongful death action pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.002 and bring this survival action pursuant to the Texas survival statute, TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 complaining of and against **XPEDITE LOGISTICS, LLC, CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING, RONALD ANTHONY**

**BEASLEY, and JAMES ELY, JR.** ("Defendants" herein), and would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Plaintiffs will submit this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

## II.
## RELIEF

2.    This Court has jurisdiction as Plaintiffs' damages sought are within the jurisdictional limits of this Court.

## III.
## JURISDICTION

3.    This is a wrongful death, survival and personal injury action involving negligence, malice, and negligence *per se* of the Defendant. This action is brought pursuant to Tex.Civ. Prac. & Rem. Code § 71.001, et. seq. and § 71.021. The amount in controversy far exceeds this Court's minimum jurisdictional amount.

## IV.
## VENUE

4.    Defendant Crete Carrier Corporation d/b/a Shaffer Trucking's principal place of business is located in Dallas County, Texas; therefore Venue is proper in Dallas County, Texas pursuant to sections 15.002(a)(3) and 15.005 of the Texas Civil Practice and Remedies Code.

## V.
## SERVICE

5.    Plaintiffs are individuals domiciled in Dallas County, Texas.

6.      Defendant, **XPEDITE LOGISTICS, LLC**, is a foreign corporation authorized to do business in the State of Texas whose registered office is located at 3378 W. Highway 117, Sapula, OK 74066 and may be served with process by serving its registered agent for service of process, Lucy D. Shaw, at 321 Nolan Street, San Antonio, Texas  **Issuance of citation is requested at this time.**

7.      Defendant, **CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING is** a foreign corporation authorized to do business in the State of Texas whose principal place of business in Texas and registered office is located at 400 E. Pleasant Run Road, Wilmer, Texas 75172 and  may be served with process by serving its registered agent for service of process, National Registered Agents, Inc. located  at 1999 Bryan Street, Suite 900, Dallas, Texas. **Issuance of citation is requested at this time.**

8.      Defendant, **RONALD ANTHONY BEASLEY**, is an individual.  Citation should be issued to the Chairman of the Texas Transportation Commission, who should forward the Citation to Mr. Beasley at his residence located at 747 N. Mocassin Street, Sapula, OK 74055 or wherever he may be found.  **Issuance of citation is requested at this time.**

9.      Defendant, **JAMES ELY, JR.**, is an individual.  Citation should be issued to the Chairman of the Texas Transportation Commission, who should forward the Citation to Mr. Ely at his residence  who may be served with process at his residence, located at 5656 Buell Street, Talbott, TN 37877 or wherever he may be found.  **Issuance of citation is requested at this time.**

10.      Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was

committed, it was done with the full authorization, ratification, or approval of that Defendant or

was done in the routine and normal course and scope of employment of that Defendant's officers,

directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual

knowledge of all adverse actions and conduct against Plaintiffs through Defendant's respective

officers, directors, vice-principals, agents, servants, and/or employees.

## VI.
## MISNOMER/ALTER EGO

11,     In the event any parties are misnamed and/or are not included herein, it is Plaintiffs'

contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos"

of the parties named herein. Under Plaintiffs' information and belief, such parties knew or should

have known that the action would have been brought against it, but for a mistake concerning the

proper party's identity, and knew or had reason to know what event, action, and/or omission caused

suit to be filed. Consequently, the parties had sufficient time to gather the necessary witnesses and

evidence to defeat Plaintiffs' cause of action. As a result, the Plaintiffs alternatively contend that

such "corporate veils" should be pierced to hold such parties properly included in the interest of

justice.

## VII.
## TRIER OF FACT

12.     Plaintiffs hereby respectfully request that a jury be convened to try the factual issues of

this case.

## VIII.
## FACTS

13.     Plaintiffs respectfully show the Court on or about October 22, 2017, at about 12:47 a.m.

in the proximity of the 13000 North Stemmons Freeway and mile marker 481 in Denton, Denton

County, Texas.  Plaintiffs Ivan A. Amaya and Anthony T. Machado were passengers in a vehicle

traveling northbound in the 13000 block of Stemmons Freeway driven by Stephanie Elizabeth

Romero, when suddenly and without warning, Defendants in two 18-wheeler were negligent and

were the proximate cause of the accident which killed one Plaintiff and severely injured another.

Ronald Anthony Beasley.  **Defendant, Ronald Anthony Beasley,** who was in the course and

scope of his employment with Defendant, **Xpedite Logistics, LLC,** driving a vehicle owned or

leased by Defendant, **Xpedite Logistics, LLC.   Defendant James Ely, Jr.** operating an orange

2015 freightliner 18-wheeler owned or leased by **Defendant  Crete Carrier Corporation d/b/a**

**Shaffer Trucking** , also traveling northbound in the 13000 block of Stemmons Freeway, when

he struck Plaintiffs' vehicle driven by Plaintiff **Stephanie Elizabeth Romero .  Defendant**

**James Ely, Jr.** who was, in the course and scope of his employment with Defendant, **Crete**

**Carrier Corporation d/b/a  Shaffer Trucking,** driving a vehicle owned or leased by

**Defendant, Crete Carrier Corporation d/b/a  Shaffer Trucking.**

14.     Defendants struck and killed Stephanie Elizabeth Romero and Ivan A. Amaya.   Plaintiff,

Anthony T. Machado, was on the passenger side of the deceased's  vehicle was injured.

## IX.
## NEGLIGENCE AND NEGLIGENCE PER SE

15.     Defendants' conduct was the proximate cause of the Plaintiffs sustaining the damages set

forth herein that Defendants' acts or omissions constituted negligence in following acts,

to wit:

a.     In failing to keep such a look out as a person of ordinary prudence would have
kept under similar circumstances;

b.     In failing to apply the brakes to the vehicle in order to avoid the collision;

c.   In failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident;

d.   In failing to sound horn or warn Plaintiff prior to the accident;

e.   In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision:

f.   In driving recklessly, in violation of Texas Transportation Code § 545.401;

g.   In causing an accident involving personal injuries or death in violation of Texas Transportation Code § 550.021;

h.   In failing to act as a reasonably prudent person would have under the same or similar circumstances;

i.   In traveling at an unsafe speed;

I.   In failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care in violation of Texas Transportation Code § 545.351(b)(2); and

k.   In driving in an unsafe manner and hitting Plaintiffs' vehicle.

16.   Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiffs sustaining injuries and damages that are described below. As a result, Plaintiffs' cause of action arises out of a basis of law, thus entitling Plaintiffs to the relief sought.

## X.
## NEGLIGENT ENTRUSTMENT, HIRING AND SUPERVISION

17.   The conduct of **Defendant, Xpedite Logistics, LLC**, by negligently entrusting his black 2017 Kenworth 18-wheeler vehicle to **Defendant, Ronald Anthony Beasley**, was the proximate cause of Plaintiffs' damages in the following acts of negligence, to wit:

a.   Prior to October 22, 2017, **Defendant, Xpedite Logistics, LLC**, gave consent, explicitly and/or implicitly, to Defendant Ronald Anthony Beasley to operate said

vehicle;

b.   Defendant, **Xpedite Logistics, LLC** knew or should have known that Defendant, **Ronald Anthony Beasley** , by a preponderance of the evidence, was a reckless driver;

c.   **Defendant, Xpedite Logistics, LLC** , should have used ordinary care,  knowing that Defendant, **Ronald Anthony Beasley**, was an unfit and incompetent driver, and should have denied the use of said vehicle to Defendant, **Ronald Anthony Beasley,** who subsequently caused the accident which was the proximate cause of the death to the deceased and injuries and damages sustained by Plaintiffs;

d.   **Defendant, Xpedite Logistics, LLC** , knew that Defendant,. would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas;

e.   **Defendant, Xpedite Logistics, LLC**, through acts of negligence, placed the deceased and Plaintiffs and general public's safety at jeopardy and is liable for the harm suffered by Plaintiffs.  Defendants are liable, joint and severally, for all of Plaintiff's injuries.

18.   **Defendant, Ronald Anthony Beasley's**, conduct was the proximate cause of the Plaintiffs sustaining the damages set forth herein that said Defendant's acts or omissions constituted negligence in following acts, to wit:

a.   In failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b.   In failing to apply the brakes to the vehicle in order to avoid the collision;

c.   In failing to turn the direction of the vehicle away from the Plaintiff, in order to avoid the accident;

d.   In failing to sound horn or warn Plaintiff prior to the accident;

e.   In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision:

f.   In driving recklessly, in violation of Texas Transportation Code  § 545.401;

g.   In causing an accident involving personal injuries or death in violation of Texas Transportation Code  § 550.021;

h.   In failing to act as a reasonably prudent person would have under the same or

similar circumstances; and

i.      In failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care in violation of Texas Transportation Code § 545.351(b)(2).

k.      In driving in an unsafe manner and hitting Plaintiffs' vehicle.

19.     Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiffs sustaining injuries and damages that are described below.  As a result, Plaintiff cause of action arises out of a basis of law, thus entitling Plaintiffs to the relief sought.

## XI.
## NEGLIGENT ENTRUSTMENT, HIRING AND SUPERVISION

20.     The conduct of **Crete Carrier Corporation d/b/a  Shaffer Trucking** , by negligently

entrusting his 2015 orange Freightliner vehicle to **Defendant, James Ely, Jr.**,  was the

proximate cause of Plaintiffs' damages in the following acts of negligence, to wit:

a.      Prior to October 22, 2017, Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking** , gave consent, explicitly and/or implicitly, to **Defendant, James Ely, Jr.**, to operate said vehicle;

b.      Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking** , knew or should have known that  Defendant, **James Ely, Jr.**,  by a preponderance of the evidence, was a reckless driver;

c.      Defendant, Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, should have used ordinary care knowing that, Defendant, **James Ely, Jr.**, was an unfit and incompetent driver, and should have denied the use of said vehicle to Defendant, **James Ely, Jr.**, who subsequently caused the accident which was the proximate cause of the death to the deceased and injuries and damages sustained by Plaintiffs;

d.      Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, knew that Defendant, **James Ely, Jr.**, would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas;

e.      Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, through acts of negligence, placed the deceased and Plaintiffs and general public's safety at

jeopardy and is liable for the harm suffered by Plaintiffs.  Defendants are liable,
joint and severally, for all of Plaintiff's injuries.

21.     When it is alleged that Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**,

acted, or failed to act, it is alleged that Defendant, **Crete Carrier Corporation d/b/a Shaffer**

**Trucking**, did so through the agents, officers, employees, principals, and vice-principals of

Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, acting within the course and

scope of their employment, agency and authority.  Among other acts and omissions, Defendant,

**Crete Carrier Corp Shaffer Trucking**, was negligent in the following respects:

    a.    Negligent training of Defendant,  **James Ely, Jr.**;
    b.    Negligent supervision of Defendant,  **James Ely, Jr.**;
    c.    Negligent hiring, retention, and qualification of Defendant  **James Ely, Jr.**
    d.    Failing to properly inspect and maintain the vehicle in question; and
    e.    Failing to adhere to governmental safety standards.
    f     in failing to properly train its employees
    g.    in failing to properly supervise its employees
    h.    in failing to provide proper equipment to its employees.
    i.    In allowing the materials to be carried on its trailers.
    j.    in contracting with third parties to provide services when it was not capable or
          qualified to do such.

### XII.
### VICARIOUS LIABILITY

22.     At the time of the incidents described above, Defendant, **Ronald Anthony Beasley**, was

acting in the course and scope of his employment with Defendant **Xpedite Logistics, LLC** and,

upon information and belief, operating a vehicle owned by Defendant, **Xpedite Logistics, LLC .**

As a result, Defendant, **Xpedite Logistics, LLC** , is vicariously liable for their employees'

negligence under the doctrine of *respondeat superior.*

23.     At the time of the incidents described above, Defendant, **Ronald Anthony Beasley,** was

acting in the course and scope of his employment with Defendant, **Xpedite Logistics, LLC** and,

upon information and belief, operating a vehicle owned by Defendant, **Xpedite Logistics, LLC.**
As a result, Defendant, **Xpedite Logistics, LLC**, is vicariously liable for their employees'
negligence under the doctrine of *respondeat superior.*

## XIII.
## PUNITIVE DAMAGES

24.     Plaintiff Anthony T. Machado's injuries and Decedent Ivan A. Amaya's wrongful death
and painful injuries and the damages of his family were proximately caused by the negligence,
gross negligence and malice of Defendants. Pursuant to Section 26, Article XVI of the Texas
Constitution and TEX. CIV. PRAC. & REM. CODE ANN.§ 71.009, Plaintiffs seek punitive or
exemplary damages from Defendants in addition to Plaintiffs' actual damages due to the injuries
and  Decedent's death. Plaintiffs seek punitive damages against Defendants.

25.     Defendants in the cause, at one time or another, acted with gross negligence or malice, in
wilful or wanton disregard for the safety of the Decedent and/or the general public. Defendants
specifically intended to cause substantial injuries to the Decedent, or its acts and omissions were
done with an extreme risk to and an unconscionable lack of concern for the Decedent and/or the
general public. Defendants **XPEDITE LOGISTICS, LLC, CRETE CARRIER**
**CORPORATION D/B/A SHAFFER TRUCKING** were grossly negligent when it retained the
co-defendant drivers. Defendants **XPEDITE LOGISTICS, LLC, CRETE CARRIER**
**CORPORATION D/B/A SHAFFER TRUCKING**  knew the extreme risk of retaining and
allowing the co-defendants to continue driving its trucks and intentionally with malice put him
back on the road  with no training, no supervision and exposed persons like **Anthony T.**
**Machado and Ivan A. Amaya** to an extreme degree of risk. Defendants also intended and or

acted with reckless indifference that the death of **Ivan A. Amya** occur when it did nothing to

ensure that these co-defendants were competent to drive the vehicle owned or controlled by

Defendants. Co defendant drivers were grossly negligent and or acted with malice when he

intentionally failed to slow down, to take evasive action, to apply his brakes, knowing that he

was going to hit the vehicle of Plaintiff's decedent, with such an impact that the impact would

cause severe bodily injuries and death. Co defendant  intended that the death would occur when

he intentionally and or with malice, engaged in the conduct complained of in paragraphs VI,

above, and caused the injuries of Plaintiff **Anthony T. Machado** and injuries and death of **Ivan

A. Amaya**.  Co- Defendants were grossly negligent in its conduct that resulted in the material

being loaded and carried in such a way to show reckless indifference to the traveling public.

Further such gross negligence is reflected in it's lack of training, supervision and retention of its

employees who loaded such materials in a manner that was certain to cause death or severe injury

and knowing such, continued with such reckless conduct.

26.     In addition, the acts or omissions of the Defendants entitles Plaintiffs to recover

exemplary damages against Defendants, which are not limited.  TEX. CIV. PRAC. & REM.

CODE ANN. § 41.008. The conduct of the Defendants involved such an entire want of care as

could have only resulted from a conscious indifference to the rights, safety, and welfare of others,

including Plaintiff **Anthony T. Machado** and  Decedent **Ivan A. Amaya**; therefore, Plaintiffs

sue for exemplary damages in an amount as determined by the trier of fact. Defendants  are liable

for punitive damages under Texas Civil Practices and Remedies Code 71.009, for the injuries of

Plaintiff **Anthony T. Machado**  and untimely death and suffering of the Decedent **Ivan A.**

**Amaya**.

## XIV.
## EMERGENCY APPLICATION FOR ENTRY AND
## INSPECTION AND  RESTRAINING ORDER

27.     Plaintiffs ask the Court to order Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, to permit Plaintiffs and their experts, attorneys, and other representatives to inspect the Orange 2015 Freightliner, VIN #: 1FUJGLD56FLGM3642, which was driven by Defendant, **James Ely, Jr.**, as allowed by Texas Rule of Civil Procedure 196.1.  Furthermore, Plaintiffs ask the Court to order Defendant, **Crete Carrier Corporation d/b/a  Shaffer Trucking**, to permit Plaintiffs and their experts, attorneys, and other representatives to inspect the 2009 Silver Trailer, VIN #: 1JJV532W89L264368, which was being hauled by Defendant,  **James Ely, Jr.**, as allowed by Texas Rule of Civil Procedure 196.1

28.     Plaintiffs ask the Court to order Defendant, **Xpedite Logistics, LLC**, to permit Plaintiffs and their experts, attorneys, and other representatives to inspect the Black 2017 Kenworth, VIN #: 1XKZPPOX5HJ159663, which was driven by Defendant, **Ronald Anthony Beasley**,  as allowed by Texas Rule of Civil Procedure 196.1.  Furthermore, Plaintiffs ask the Court to order Defendant, **Xpedite Logistics, LLC**, to permit Plaintiffs and their experts, attorneys, and other representatives to inspect the 2016 Silver Trailer, VIN #: 1GRDM9621GH728818, which was being hauled by Defendant, **Ronald Anthony Beasley**, as allowed by Texas Rule of Civil Procedure 196.1.

29.     On December 1, 2017, Plaintiffs' representatives sent spoilation letters and have repeatedly attempted to inspect the tank in question, but have not been allowed to do so.  As a result, a Temporary Restraining Order is immediately necessary for the purpose of inspecting, measuring,

surveying, photographing, and/or filming the property and conditions that caused the fatalities and serious injuries, and Defendant, **Crete Carrier Corporation d/b/a Shaffer Trucking**, should be immediately ordered not to move or alter said premises or alter any condition on that property until Plaintiffs' inspection has been completed. Otherwise, the *status quo* will not be preserved, and evidence critical to this lawsuit will be materially altered and/or destroyed.

30.     On December 1, 2017, Plaintiffs' representatives sent spoilation letters and have repeatedly attempted to inspect the tank in question, but have not been allowed to do so. As a result, a Temporary Restraining Order is immediately necessary for the purpose of inspecting, measuring, surveying, photographing, and/or filming the property and conditions that caused the fatalities and serious injuries, and **Xpedite Logistics, LLC**, should be immediately ordered not to move or alter said premises or alter any condition on that property until Plaintiffs' inspection has been completed. Otherwise, the *status quo* will not be preserved, and evidence critical to this lawsuit will be materially altered and/or destroyed.

31.     Plaintiffs' inspection is relevant  to this lawsuit because it is unclear where and how the collision killed Stephanie Elizabeth Romero and Ivan A. Amaya and critically injured Anthony T. Machado.  The person who will conduct the inspection will be Paul Hornung or another attorney from the Law Office of Domingo Z  García, P.C., who may be accompanied by a technical expert(s) retained by the Law Office of Domingo García, P.C., and who are qualified to perform the inspection, measurement, survey, photographing, and filming by his or their training and education.

32.     For the reasons stated above, Plaintiff asks the Court to set this application for hearing immediately and, after the hearing, to order Defendants, **Crete Carrier Corporation d/b/a Shaffer**

**Trucking** and **Xpedite Logistics, LLC,** to allow Plaintiff's attorneys and experts to enter the property and to not alter, remove, or modify anything on that property and to preserve everything on that property in its current condition as set forth above until the parties enter into an agreement upon a protocol for the inspection, measurement, surveying, photographing and filming the said property and accident site

## XV.
## WRONGFUL DEATH AND SURVIVAL DAMAGES

33.     The decedent and family have  sustained and or seeks recovery under the Texas Wrongful Death Statute, TEX. CIV. PRAC. & REM. CODE § 71.001 *et. seq.*, and for damages sustained pursuant to the Texas Survival Statute TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 against Defendants.

34.     Plaintiffs would show that Decedent experienced terrible conscious pain and suffering from being ejected from the vehicle,  prior to his death, and incurred funeral and burial expenses and other related expenses. These damages of Decedent survive to his estate. The injuries, death, and damages of Plaintiffs and the Decedent were proximately caused by the negligence and gross negligence of Defendants.

35.     Plaintiffs, here and now, seeks damages for past medical expenses, funeral and burial expenses and other expenses, pursuant to the Texas Survival Statute TEX. CIV. PRAC. & REM. CODE ANN. § 71.021, as a result of the untimely death of Decedent, his family, including Plaintiffs, suffered substantial damages.

36.     Decedent, **IVAN A. AMAYA**, was  in good health and would have, in all likelihood, lived past 70 years of age and would have earned a substantial amount of earnings, until his

retirement.

37.    During his lifetime, Decedent was a good son to his family. He was energetic and performed numerous tasks around the family residence and in all reasonable probability would have continued to do so.

38.    As a result of the Decedent's untimely death, his family has suffered pecuniary losses of care, maintenance, support, services, advise, counsel, and contribution of a pecuniary value that they would have, in all reasonable probability, received from their husband/father during their respective lifetimes, had he lived.

39.    Plaintiffs additionally seeks damages for loss of inheritance, which the Decedent would have added to the community estate and left at his death, to his family, including Plaintiff.

40.    Plaintiffs have further suffered additional losses by virtue of the destruction of the father-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.

41.    Plaintiffs have suffered severe mental depression, anguish, grief, and sorrow as a result of the Decedent's death and are likely to so suffer for a long time into the future.

42.    Plaintiffs have damages in an amount greatly in excess of the maximum jurisdiction of the Court. For the loss and damages, Plaintiffs seek damages as provided by the Texas Wrongful Death statute codified at Civ. Prac. & Rem. Code § 71.001, *et. seq.*, and Survival Statue of the Tex. Civ. Prac. & Rem. *Code § 71.021,* **Plaintiffs GLORIA MACHADO AS NEXT FRIEND OF ANTHONY T. MACHADO AND MANLIO AMAYA, INDIVIDUALLY, and AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IVAN**

**A. AMAYA, DECEASED.** This action is being brought for the benefit of all beneficiaries. No administration is pending and none is necessary. Further, no administration is desired by those interested in the estate ... and the heirs are in possession of the Decedent's property. An estate administration is unnecessary because the estate of **IVAN A. AMAYA** has fewer than two debts and no demand for any debt has been made. Plaintiffs would show that they have suffered extreme mental anguish as a direct result of the injuries which Decedent received in this incident, and the Plaintiffs will likely continue to do suffer extreme mental anguish in the future. Therefore, Plaintiffs seeks damages for both past and future mental anguish.

## XVI.
## INJURIES - PRESENT AND FUTURE MEDICAL

43.     As a result of the conduct, set out above, of Defendants, Plaintiff, **Anthony T. Machado** suffered serious injuries to various parts of his body including his head, neck, back and body generally. Plaintiff also sustained a brain injury.

44.     As a result of the injuries **Anthony T. Machado** sustained, Plaintiff incurred reasonable and necessary doctor's and medical expenses for his necessary medical care and attention that **Anthony T. Machado** required in the sums exceeding $100,000.00. There is also a probability Plaintiff will incur additional reasonable expenses for necessary medical care and attention.

45.     In addition, Plaintiff, **Anthony T. Machado**, suffered severe physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for long time into the future, if not for the balance of his life.

46.     Further, Plaintiff, **Anthony T. Machado**, has suffered disfigurement in the past and in all reasonable probability, will continue to suffer disfigurement in this manner for long time into the

future, if not for the balance of his life.

47.      As a proximate result of the negligence of Defendants, Plaintiff, Luis Rodriguez,  suffered

injuries to his  body in general. Plaintiff, **Anthony T. Machado**'s diminished ability to administer

to his own needs and the needs of his family has been seriously impaired. In all probability, his

ability to attend to customary household duties and occupations will continue to be so impaired far

into the future, if not for the balance of his natural life.

48.      By reason of the foregoing injuries and damages, Plaintiff, **Anthony T. Machado** , sustained

damages far in excess of the minimum jurisdictional limits of the Court.

## XVII.
## REQUEST FOR DISCLOSURES

49.      The Plaintiffs request that the Defendants disclose the information and material described

in TEX. R. CIV. P. 194.2 (a) - (l).

## XVIII.
## NOTICE OF USE OF DOCUMENTS

50.      Plaintiffs, pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, hereby give

notice to Defendants that they  intend to use all discovery products, responses, and documents

exchanged and produced between the parties as summary judgment evidence, in any pretrial

proceeding, and/or at trial in this cause.

## XIX.
## PRAYER

51.      WHEREFORE, Plaintiffs respectfully request that the Defendants be cited to appear and

answer, and that, on final trial, Plaintiffs be awarded judgment against Defendants for the

following:

A.    A sum in the total amount of Five Million ($5,000,000.00) Dollars from Defendants, jointly and severally, for Plaintiffs' respective actual damages for past and future pain and suffering, mental and emotional anguish, medical and other expenses, loss of enjoyment of life, loss of household services, loss of support and services, physical and mental impairment, disfigurement, mental and physical disability, depression, lost wages, wage impairment, and lost earning capacity; for decedent's actual damages prior to death; for decedent's wrongful death; for Plaintiffs' individual past and future physical pain and suffering, mental anguish, physical and mental impairment, the funeral and burial expenses they have incurred, lost wages, wage impairment, lost earning capacity, loss of comfort and compassion, loss of economic support, and other actual damages; In addition thereto, the sum of $1,000,000.00 for Plaintiff **Ivan A. Amaya's** actual damages as set out above.

B.    A sum  for exemplary/punitive damages from each Defendant in the amount of $1,000,000.00 due to each Defendant's gross negligence.

C.    Pre-Judgment interest on all damages awarded at the highest legal rate;

D.    Costs of Court;

E.    Post-Judgment interest on all sums awarded herein at the highest legal rate until paid;
      and

F.    Such other and further relief to which Plaintiffs may be justly entitled at law or in equity, specific or general.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By:

Domingo A. Garcia
State Bar No. 07631950
Paul Hornung
State Bar No. 00795831
dallasoffice@dgley.com

400 S. Zang Blvd.
6th Floor Suite 600
Dallas, Texas 75208
Telephone:    (214) 941-8300
Facsimile:    (214) 943-7536

**ATTORNEYS FOR PLAINTIFFS**

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 8th day of Feb. , A.D., 2018

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy