**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GLORIA MACHADO, AS NEXT FRIEND OF ANTHONY T. MACHADO and MANLIO AMAYA, INDIVIDUALLY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IVAN A. AMAYA, DECEASED,** | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:18-CV-00282-L** |
| **XPEDITE LOGISTICS, LLC, CRETE CARRIER CORPORATION D/B/A SHAFFER TRUCKING, RONALD ANTHONY BEASLEY, and JAMES ELY JR.** | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

In reviewing the pending Motion for Summary Judgment filed by Defendants Crete Carrier

Corporation ("Crete Carrier") and James Ely, Jr. ("Ely") and the record, the court notices some

deficiencies in Crete Carrier's Notice of Removal that leads it to question whether it has subject

matter jurisdiction over this removed action. A federal court has an independent duty, at any level

of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.

*Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must

be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

*Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction

*sua sponte*.") (citation omitted). Accordingly, before ruling on Defendants' Motion for Summary

Judgment, the court enters this order to *sua sponte* address its concerns to confirm whether it has

subject matter jurisdiction to hear this action.

Crete Carrier removed this action from state court on February 2, 2018, based on diversity jurisdiction. In its Notice of Removal, Crete Carrier alleges it was the only named party to have been served at the time of removal and, accordingly, the consent of the other defendants to the removal was unnecessary pursuant to 18 U.S.C. § 1446(b)(2), which requires defendants who have been "properly joined and served" to join in or consent to the removal of the action. Crete Carrier states that the basis for removal is the complete diversity of the citizenship between Plaintiffs and Crete Carrier. Crete Carrier is, however, required to set forth the citizenships of all other named defendants in the state court action, irrespective of whom had been served at the time of removal. "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citations omitted).

Crete Carrier adequately alleges its citizenship and that of Plaintiffs. Specifically, it alleges that it is a "corporation organized and exi[s]ting under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska." Doc. 1 ¶ 7(b). It alleges that Plaintiffs, both natural persons, are Texas citizens. Doc. 1 ¶ 7(a). As to the other three named defendants—Xpedite Logistics, LLC, James Ely, Jr., and Ronald Anthony Beasley—Crete Carrier merely states that "neither is a Texas citizen." Doc. 1 ¶ 3. This assertion is woefully inadequate to affirmatively state the basis of diversity of citizenship between the parties. "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v.*

*Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). As Crete Carrier merely states that the other named defendants are not Texas citizens, it fails to set forth the necessary allegations to establish the citizenship of Individual Defendants James Ely, Jr. and Ronald Anthony Beasley.

The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Crete Carrier must list or state the citizenship of all the members of Defendant Xpedite Logistics, LLC, and show that complete diversity exists. The court understands that there was some discussion between the parties as to whether Xpedite Logistics, LLC is a correct Defendant in this case. Plaintiff filed a Motion for Remand on March 5, 2018, advising the court that Xpedite Logistics, LLC is a Texas limited liability company and its sole member is John J. Shaw who is a Texas citizen. Doc. 7 ¶ 2. Plaintiff then filed a Motion to Withdraw Their Motion for Remand to inform the court that Crete Carrier's attorney sent an e-mail informing them that Xpedite Logistics, LLC was not correctly identified by Plaintiff, and that, rather, the correct Defendant is a different company doing business out of Oklahoma. In its Response, Xpedite Logistics, LLC contends its principal place of business is located in Sapulpa, Oklahoma. Doc. 9 ¶ 4. This allegation does not meet the requirement for setting forth the citizenship of a limited liability company, as it does not state the names of the members of Xpedite Logistics, LCC or their citizenships.

The failure to allege adequately the basis of diversity mandates remand or dismissal of an action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). Accordingly, the court must presume that this suit lies outside of its limited jurisdiction, unless Defendants can cure the jurisdictional deficiencies noted in this order. *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919). Defendants shall, therefore, file an amended notice of removal that cures the deficiencies noted in this opinion by **January 23, 2019**. Failure to do so will result in the *sua sponte* remand of this case to the state court from which it was removed for lack of subject matter jurisdiction.

**It is so ordered** this 9th day of January, 2019.

Sam A. Lindsay
United States District Judge